IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **MARY LOIS ELLIS ABRUNTILLA,** As Personal Representative of the **ESTATE OF CANUTO ABRUNTILLA,** <br><br> Plaintiff, <br><br> vs. <br><br> **UNITED STATES OF AMERICA,** <br><br> Defendant. | Civil Action No.: 2:24-cv-05941-RMG <br><br> **COMPLAINT** |

The Plaintiff, Mary Lois Ellis Abruntilla, as Personal Representative of the Estate of Canuto Abruntilla, by and through his undersigned counsel, brings this complaint against the United States of America and would respectfully show unto this Honorable Court:

**Parties**

1. The Plaintiff, Mary Lois Ellis Abruntilla, as Personal Representative of the Estate of Canuto Abruntilla, is a United States citizen and is a resident of Georgetown County, South Carolina.

2. The Defendant, United States of America, is a proper party to this action. This action is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. § 2671 to § 2680, commonly referred to as the "Federal Tort Claims Act." Liability of the United States is predicated specifically on Title 28 U.S.C. § 1346(b)(1) and § 2674 because the personal injuries and resulting damages of which this complaint is made, were proximately caused by the gross negligence, negligence, wrongful acts and/or omissions of

employees of the United States of America, including the Department of Veterans Affairs located in Charleston, South Carolina, while acting within the scope of their office or employment.

## JURISIDCATION AND VENUE

3.     This United States District Court has jurisdiction over this case because this action is brought pursuant to and in compliance with 28 U.S.C. §§1346(b), 2671-2680 et seq., commonly known as the "Federal Tort Claims Act," which vests exclusive subject matter jurisdiction of Federal Tort Claims Act litigation in the United States District Court.

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e), as the United States is a Defendant. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to this cause of action occurred in this district.

5.     The Department of Veterans Affairs is an agency of the United States of America.  The United States of America, through its agent the Department of Veterans Affairs, at all times material hereto, owned, operated and controlled the Ralph H. Johnson VA Medical Center.  The United States, through its employees at the Department of Veterans Affairs, Ralph H. Johnson VA Medical Center, was responsible for providing medical care for the Plaintiff's decedent and is located in Charleston County, South Carolina.

6.     Plaintiff pleads, pursuant to Title 28 U.S.C. § 2672 and § 2675(a), that the claims set forth herein were filed with and presented administratively to the Defendant's agency, the Department of Veterans Affairs, on February 7, 2024.  The United States Department of Veterans Affairs has failed to respond to the administrative claim.  Accordingly, Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this action.

7. Additionally, the Plaintiff has attached, and incorporated by reference, the affidavit of nursing expert Karen Coleman, RN, as <u>Exhibit 1</u>.

## FACTUAL ALLEGATIONS

8. In the spring of 2023, Canuto Abruntilla began having intermittent torso and abdominal discomfort. Mr. Abruntilla was admitted to Ralph H. Johnson VA Medical Center on July 3, 2023 for inpatient treatment for diffuse bone lesions.

9. Upon admission on July 3, 2023, Mr. Abruntilla was having difficulty breathing and required supplemental oxygen.

10. On the morning of July 10, 2023, Mr. Abruntilla was transferred to the Intensive Care Unit and placed in bed #13 due to a clinical and medical decline in his physical condition, fatigue, and mental status.

11. In the afternoon of July 10, 2023, a central line was inserted into Mr. Abruntilla's jugular vein on the right side of his neck.

12. Mr. Abruntilla received four (4) sessions of PLEX therapy through his central line.

13. Mr. Abruntilla reported feeling weak on July 11, 2023 and became chairfast.

14. By July 14, 2023, Mr. Abruntill remained chairfast with very limited mobility.

15. Mr. Abruntilla began chemotherapy on July 14, 2023 in the early afternoon which was completed at 5:50 p.m. without complications. However, post treatment, it was documented that Mr. Abruntilla was disoriented and remained at risk for falls.

16. Between 6:45 p.m. and 6:57 p.m., a WatchPat was applied to Mr. Abruntilla for the purpose of conducting a sleep study.

17. The sleep study was abruptly stopped at 9:08 p.m.

18. Sometime prior to 9:42 pm, Mr. Abruntilla suffered from an unwitnessed fall. The time of his fall was unknown; however, at 9:42 p.m., a respiratory therapist discovered Mr. Abruntilla on the floor of his ICU room face down in a pool of his own blood, unresponsive and pulseless, and in cardiopulmonary arrest.

19. It was discovered that the central line catheter was broken, thus causing Mr. Abruntilla to hemorrhage from the site.

20. According to the medical records, "there was so much blood" from his internal jugular central line that medical staff were "not able to clearly visualize situation" of the central venous line. Efforts to control the hemorrhage were not successful, as the pressure dressing applied by the staff quickly saturated with blood.

21. After unsuccessful resuscitation efforts, Mr. Abruntilla was pronounced dead at 10:17 p.m. on July 14, 2023.

22. Mr. Abruntilla's unsupervised fall and subsequent death were a direct and proximate result of the Defendant's failure to assess and monitor Mr. Abruntilla's current health conditions, to identify fall risk, to provide staff assistance and supervision, to implement and monitor fall prevention and environmental safety measures, to ensure he was free of restraints, in addition to other failures.

23. As a direct and proximate result of the Defendant's failure to properly care for, monitor and assist Mr. Abruntilla, the Plaintiff was forced to endure severe conscious pain and suffering and ultimately died.

**FOR A FIRST CAUSE OF ACTION
AGAINST THE DEFENDANT**
**(Survival/Negligence/Gross Negligence/Medical Malpractice)**

24. The Plaintiff reiterates each and every allegation stated above as if repeated verbatim herein.

25. Defendant, as well as its agents, servants, and/or employees, owed Mr. Abruntilla a duty of due care to administer medical care with the degree of care and skill which is ordinarily employed by the profession generally, under similar conditions and in like surrounding circumstances.

26. Defendant breached this duty of due care in the following particulars:

   a. Failure to frequently assess and monitor his condition;

   b. Failure to identify his fall risk;

   c. Failure to provide staff assistance with ADLs;

   d. Failure to implement fall prevention and environmental safety measures;

   e. Failure to have an adequate fall prevention and patient safety plan of care in place;

   f. Failure to ensure that the patient was free of restraints;

   g. Failure to evaluate the central line;

   h. Failure to provide complete, consistent, and timely documentation; and

   i. Failure to adhere to numerous regulatory standards as set forth in the SC Code of Laws, Title 40, Chapter 33 of the Nurse Practice Act as described in Exhibit 1 of the Complaint.

27. Defendant breached this duty of care to Plaintiff through acts of omission and commission of the Defendant which constituted negligence and/or gross negligence and was a direct and proximate cause of the injuries, suffering, and untimely death of Mr. Abruntilla.

28. At the time of the incidents detailed herein, staff of Ralph H. Johnson VA Medical Center was an agent/servant of the United States of America.

29. The United States of America is liable for the negligent acts of its employee/servant and staff of Ralph H. Johnson VA Medical Center, who were acting within the scope of their employment/service, under the doctrine of Respondent Superior.

30. In addition to the injuries and damages set forth in the preceding cause of action, Mr. Abruntilla was forced to endure conscious pain and suffering prior to his death.

31. Based on the foregoing allegations, the Plaintiff is entitled to an award of ACTUAL and CONSEQUENTIAL DAMAGES.

**FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANT**
**(Wrongful Death/Negligence/Gross Negligence/Medical Malpractice)**

32. The Plaintiff reiterates each and every allegation stated above as if repeated verbatim herein.

33. This wrongful death action is brought pursuant to the Section 15-51-10 et. seq. of the Code of Laws of South Carolina (1976, as amended) on behalf of the heirs of Mr. Abruntilla's estate.

34. Defendant, as well as its agents, servants, and/or employees, owed Mr. Abruntilla a duty of due care to administer medical care with the degree of care and skill which is ordinarily employed by the profession generally, under similar conditions and in like surrounding circumstances.

35. Defendants breached this duty of due care in the following particulars:

    a. Failure to frequently assess and monitor his condition;

    b. Failure to identify his fall risk;

    c. Failure to provide staff assistance with ADLs;

    d. Failure to implement fall prevention and environmental safety measures;

    e. Failure to have an adequate fall prevention and patient safety plan of care in place;

    f. Failure to ensure that the patient was free of restraints;

    g.  Failure to evaluate the central line;

    h.  Failure to provide complete, consistent, and timely documentation; and

    j.  Failure to adhere to numerous regulatory standards as set forth in the SC Code of Laws, Title 40, Chapter 33 of the Nurse Practice Act as described in Exhibit 1 of the Complaint.

36. Defendant breached this duty of care to Plaintiff through acts of omission and commission of the Defendant which constituted negligence and/or gross negligence and was a direct and proximate cause of the injuries, suffering, and untimely death of Mr. Abruntilla.

37. As a direct and proximate result of the grossly negligent acts, omissions, willful and wanton conduct of the Defendant, Mr. Abruntilla's statutory heirs have been damaged and suffered as follows:

    a.  Loss of contribution of the deceased;

    b.  Extreme mental shock and suffering;

    c.  Extreme wounded feelings;

    d.  Tremendous grief and sorrow;

    e.  Loss of friendship and companionship;

    f.  Loss of a husband, father, and relative; and

    g.  Deprivation of the use and comfort of the deceased's society, knowledge, judgment and experience.

38. Based on the foregoing allegations, the Plaintiff is entitled to an award of ACTUAL and CONSEQUENTIAL DAMAGES.

### FOR A THIRD CAUSE OF ACTION
### AGAINST THE DEFENDANT
**(Loss of Consortium)**

39.     The Plaintiff reiterates each and every allegation stated above as if repeated verbatim herein.

40.     The Plaintiff and Mr. Abruntilla were married at the time of Mr. Abruntilla's death.

41.     As the result of the Defendant's actions which led to the death of Mr. Abruntilla, Plaintiff has been injured and has suffered damages as the result of the loss of consortium and loss of wages following Mr. Abruntilla's death.

42.     As a direct and proximate result of the aforementioned acts, Plaintiff has been injured and damaged, and is entitled to an award of ACTUAL and CONSEQUENTIAL DAMAGES.

**WHEREFORE**, the Plaintiff hereby requests a trial on all of the issues that have been or may hereafter be raised in any of the pleadings. Plaintiff further seeks judgment against Defendant for:

a. actual and consequential damages;

b. the costs and disbursements of this action;

c. such other and further relief as this Court deems just and proper.

s/ *James B. Moore III*
James B. Moore III, Fed ID # 10844
Scott C. Evans, Fed ID # 10874
George W. Bryan, III, Fed ID #13442
EVANS MOORE, LLC
121 Screven Street
Georgetown, SC  29440
(843) 995-5000
(843) 527-4128 Facsimile
scott@evansmoorelaw.com
james@evansmoorelaw.com
george@evansmoorelaw.com

ATTORNEYS FOR PLAINTIFF

October 17, 2024
Georgetown, SC